This bill seeks to recover a compensation from the executors of Montgomery for the breach of a covenant contained in a deed made by him to McConnell in 1762, for a lot of land in the town of Salisbury, which lot McConnell afterwards sold to the present complainant, who claims the benefit of the said covenants as assignee. A great lapse of time has taken place since a breach was committed, and the delay is not accounted for in the bill; but as this lapse is not relied upon in the answer, nor was insisted on at the hearing, and as the *Page 27 
printed report of the case at law between the same parties, upon the same covenant, compared with the time of filing this bill, shows that the complainant has been engaged nearly the whole of the time since 1773 in asserting his right, and that he failed at law because his legal title as assignee was imperfect, we may proceed at once to a consideration of the case upon its real merits.
The covenant contained in Montgomery's deed, so far as it affects the question to be decided is in these words: "And further, it is hereby covenanted, premised, and agreed by the said parties hereunto, that in case the said Mary Montgomery, her heirs or assigns, shall at any time hereafter enter into the hereby bargained premises, so as to dispossess the said William McConnell, his heirs or assigns, or break, determine, or nullify, or make void the hereby bargained premises, (34) that then the said Hugh Montgomery and Mary, his wife, and their heirs or either of them, shall return and pay back double the purchase money, with interest, and pay also for all damages unto the said William McConnell, his heirs or assigns, whatsoever they may suffer thereby."
If the complainant could have recovered at law, and no fixed sum had been agreed on in the deed, the measure of damages would have been the purchase money, viz., £ 60, with interest from 25 April, 1762; and if a recovery had been made according to the sum agreed upon in the deed, viz., double the purchase money and interest, I conceive a court of equity would have relieved upon payment of the first sum. Whatever difficulty there may be in ordinary cases to distinguish between a penalty and liquidated damages, the terms of the covenant have here clearly ascertained that sum to be a penalty; for double the purchase money is not to be repaid as the probable estimate of damage McConnell or his assigns might sustain by an eviction, but it is to be paid in addition to all damages. The parties have not therefore left it to inference or construction, but have fully expressed that the sum is to be paid as a penalty upon Montgomery for not performing his covenants. Under this view, there must be a decree for the complainant for the purchase money, with interest from the date of the deed, and the costs of the suit.
Decree accordingly.
Cited: Robinson v. Lewis, 45 N.C. 61; Redmond v. Staton, 116 N.C. 143. *Page 28 
(35)